```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :   MEMORANDUM OPINION
ELISA CHEUNG,                           :       AND ORDER
               Plaintiff,               :
                                        :
          -v-                           :
                                        :
BRISTOL-MYERS SQUIBB COMPANY and PFIZER :   17cv6223(DLC)
INC.,                                   :
               Defendants.              :
                                        :
----------------------------------------:
                                        :
LILLIS WAYLETT,                         :
               Plaintiff,               :
                                        :
          -v-                           :   17cv6239(DLC)
                                        :
BRISTOL-MYERS SQUIBB COMPANY and PFIZER :
INC.,                                   :
               Defendants.              :
                                        :
----------------------------------------:
                                        :
RALPH FARINELLA,                        :
               Plaintiff,               :
                                        :
          -v-                           :   17cv6243(DLC)
                                        :
BRISTOL-MYERS SQUIBB COMPANY and PFIZER :
INC.,                                   :
               Defendants.              :
                                        :
----------------------------------------:
                                        :
RUTH MINGLE,                            :
               Plaintiff,               :
                                        :   17cv6245(DLC)
          -v-                           :
                                        :
BRISTOL-MYERS SQUIBB COMPANY and PFIZER :
INC.,                                   :
               Defendants.              :
                                        :
----------------------------------------X
```

APPEARANCES

For the Plaintiffs:
Lisa Causey-Streete
Robert L. Salim
Salim-Beasley, LLC
1901 Texas Street
Natchitoches, LA 71457

For the Defendants:
Loren H. Brown
Cara D. Edwards
Lucas P. Przymusinski
DLA PIPER LLP
1251 Avenue of the Americas
New York, New York 10020

DENISE COTE, District Judge:

    This Opinion is issued in connection with products liability MDL litigation concerning the brand name pharmaceutical Eliquis, a blood thinner used to treat nonvalvular atrial fibrillation and to reduce the risk of stroke and systemic embolism.  At issue here are four related Eliquis lawsuits filed by the law firm Salim-Beasley in Delaware state court, which were removed by the defendants to federal court and recently transferred to this district pursuant to the MDL process.  The plaintiffs have moved to remand their lawsuits to Delaware state court.  Before addressing the motion for remand, some procedural history is in order.

BACKGROUND

The first decision in the Eliquis MDL on a motion to dismiss was issued in Utts v. Bristol-Myers Squibb Co. et al., 16cv5668 (DLC) ("Utts"). On March 21, 2017, as that motion to dismiss was being addressed, a scheduling Order provided that "any action presently assigned to this Court . . . may file an amended complaint fourteen (14) days after the Court decides the motion to dismiss" in Utts. The March 21 Order further provided that "any action transferred or reassigned to this Court after the Utts motion to dismiss has been decided shall have fourteen (14) days following arrival on this Court's docket to file an amended complaint."

On May 8, this Court issued its opinion in Utts. See Utts v. Bristol-Myers Squibb Co. et al., 16cv5668 (DLC), 2017 WL 1906875 (S.D.N.Y. May 8, 2017). The decision dismissed the action, primarily on the ground of preemption. In accordance with the March 21 Order, a scheduling Order on May 9 ("May 9 Order") provided that "any future action transferred or reassigned to this Court shall have fourteen days following arrival on this Court's docket to file an amended complaint and show cause in a memorandum no longer than 20 pages why the amended complaint should not be dismissed based on the analysis in the May 8 Utts Opinion."

In response to the decision dismissing the Utts action, Salim-Beasley voluntarily dismissed thirty-three product liability actions concerning Eliquis brought on behalf of various plaintiffs that were pending in federal court and refiled them in Delaware state court.[1] The defendants removed them to Delaware federal court, and on June 27, the Honorable Leonard P. Stark of the United States District Court for the District of Delaware denied motions to remand the thirty-three cases. Young v. Bristol-Myers Squibb Co., 2017 WL 2774735 (D. Del. June 27, 2017). Judge Stark held that the removal to federal court was properly based on diversity jurisdiction despite the defendants' citizenship in Delaware. Id. at *3.

Salim-Beasley has filed additional actions concerning Eliquis for other plaintiffs in Delaware state court, including the four at issue here. One of the four actions was filed in Delaware state court on July 5, 2017; the other three were filed on July 7, 2017. They were removed by the defendants to federal court no later than four days after they were filed and before

---

[1] Salim-Beasley had originally filed the thirty-three cases in California state court. The cases had been removed to federal court and stayed pending a decision by the Judicial Panel on Multidistrict Litigation on whether to transfer them to the MDL pending before this Court. The plaintiffs in the thirty-three actions voluntarily dismissed the stayed cases on May 23, 2017, and promptly refiled them in Delaware state court.

4

the plaintiffs could serve the defendants.[2]  As Judge Stark noted, under the Rules of Civil Procedure for the Superior Court of the State of Delaware, a plaintiff cannot immediately serve a defendant after commencing an action.  See Young, 2017 WL 2774735, at *1; Del. Sup. Ct. R. Civ. P. 4 (requiring plaintiffs to coordinate with the sheriff of the county for service).

After the four actions were removed, they were "tagged" for transfer to the MDL on or before July 13.[3]  The Judicial Panel on Multidistrict Litigation ("JPML") transferred the four actions to this Court on July 31, in the case of the first-filed action, and on August 7, in the case of the remaining three actions.  Understanding that a motion for remand may expire within 30 days of removal, see 28 U.S.C. § 1447(c), Salim-Beasley filed motions for remand in each of the four actions after the actions were transferred to the MDL.[4]  The motions were filed on August 3 and 9.[5]

---

[2] One was removed the day after filing; three were removed four days after filing.

[3] One was tagged for transfer on July 6; three were tagged for transfer on July 13.

[4] Although Salim-Beasley had filed a notice of opposition to the proposed transfer, it did not file the required motion and brief to vacate the conditional transfer order.  As a result, the final transfer of the actions was not further delayed.

[5] The remand motion for the first-filed action was filed on August 3; the remaining remand motions were filed on August 9.

5

On August 11, Salim-Beasley notified this Court that it had filed the remand motions before the actions had officially arrived on this Court's docket because of the deadline that governs a remand motion. It asked for an extension of the deadlines set forth in the Court's May 9 Order, as well as a conference for scheduling purposes. An August 17 Order acknowledged Judge Stark's June 27 decision denying the remand motions in the thirty-three related cases, denied the request for an extension of the deadlines set forth in the May 9 Order, and required any plaintiff seeking remand to "also address in its show cause memorandum why the motion for remand should not be denied for reasons given in Judge Stark's June 27 Opinion."

Although permitted to file amended complaints in response to the guidance given in Utts, none of the plaintiffs in these four actions opted to do so. In its August 30 omnibus response to the order to show cause, Salim-Beasley addressed Judge Stark's June 27 Opinion and argued for remand. The defendants filed a response on September 13.

## DISCUSSION

Federal law permits defendants to remove to federal court an action originally filed in state court if it could have been brought in federal court:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). When the sole basis for removal is § 1441(a), "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Federal courts construe the removal statute narrowly. Purdue Pharma L.P. v. Kentucky, 704 F.3d 208, 213 (2d Cir. 2013). To effect removal, a defendant must act promptly. "The notice of removal of a civil action or proceeding shall be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based." 28 U.S.C. § 1446(b)(1).

Moreover, when diversity jurisdiction is the sole ground for federal court jurisdiction, the action is removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2)(emphasis supplied). This restriction on removal when there are in-state defendants is known as the forum defendant rule. But, as highlighted, the statute prohibits removal when there are in-state defendants only when those defendants have been "properly joined and

7

served." Id. The specific purpose of the "joined and served" requirement has been read to "prevent a plaintiff from blocking removal by joining as a defendant a resident party against whom it does not intend to proceed, and who it does not even serve." Stan Winston Creatures, Inc. v. Toys "R" Us, Inc., 314 F. Supp. 2d 177, 181 (S.D.N.Y. 2003). "Defendants are entitled to act to remove a case based on the circumstances at the time they are sued, and are not required to guess whether a named resident defendant will ever be served." Id. Finally, on a "motion to remand, the removing defendant bears the burden of demonstrating the propriety of removal." Yakin v. Tyler Hill Corp., 566 F.3d 72, 75 (2d Cir. 2009).

Here, it is undisputed that the defendants removed the cases before they were properly served. A plain reading of the forum defendant rule, then, permitted that removal.

The plaintiffs make principally two arguments in support of their motion for remand. First, they argue that this Court should ignore Judge Stark's decision and take its guidance from decisions by district judges in the Second Circuit. In construing a federal statute, however, the "[f]ederal courts comprise a single system applying a single body of law, and no litigant has a right to have the interpretation of one federal court rather than that of another determine his case." Menowitz

8

v. Brown, 991 F.2d 36, 40 (2d Cir. 1993)(citation omitted). Neither the Supreme Court nor the Courts of Appeals have directly addressed the forum defendant question at issue here, although the Courts of Appeals have acknowledged that the issue is unsettled among the District Courts, see, e.g., Novak v. Bank of New York Mellon Trust Co., 783 F.3d 910, 911 n.1 (1st Cir. 2015); Goodwin v. Reynolds, 757 F.3d 1216, 1221, 1221 n.13 (11th Cir. 2014). The district court decisions in this Circuit are divided. Compare, e.g., Deveer v. Gov't Emp. Ins. Co., 2008 WL 4443260, at *5 (E.D.N.Y. Sept. 26, 2008) (denying motion to remand because plain language of § 1441(b) was satisfied by removal); Stan Winston Creatures, Inc. v. Toys "R" Us, Inc., 314 F. Supp. 2d 177, 180 (S.D.N.Y. 2003) (same), with, e.g., In re: Propecia (Finasteride) Products Liability Litigation, 2016 WL 5921070, at *2 (E.D.N.Y Oct. 11, 2016) (remanding case even though defendants removed before being served); Torchlight Loan Servs., LLC v. Column Fin., Inc., 2013 WL 3863887, at *3 (S.D.N.Y. July 24, 2013) (same). There is, therefore, no controlling authority that restricts this Court's authority to follow the statute's terms as written by Congress.

The plaintiffs next urge the Court to ignore the plain reading of the statute to discourage what they term as "gamesmanship" by the defendants. They urge that the statute should only be enforced when a removal occurs after a plaintiff

9

has had "a meaningful chance" to serve the defendant.  The
plaintiffs argue that to uphold removal here, which they contend
was strategically done in order to evade the forum defendant
rule, would be to frustrate the purpose of both diversity
jurisdiction and the forum defendant rule.

As an initial matter, the plain meaning of the statute is
controlling absent ambiguity.  A court should look to the
legislative history of a statute only if the statute is
ambiguous or if a literal application would "lead to an absurd
result."  Louis Vuitton v. Malletier S.A. v. Ly USA, Inc., 676,
F.3d. 83, 108 (2d Cir. 2012) (citation omitted).  The plaintiffs
do not suggest that there is any ambiguity in the statute.  Nor
is the result here absurd.  Nor have the plaintiffs pointed to
any legislative history to support their position.  Whatever the
merit to the argument that it runs counter to the policies
undergirding diversity jurisdiction to allow a defendant to
petition for removal immediately after a case opening and before
it is possible to serve the defendant, that argument is
insufficient to overcome the abundantly clear language of the
statute.

The plaintiffs would have the Court ignore statutory language -- which was revisited by Congress as recently as 2011[6] -- in order to advance its policy arguments. This approach belies standard and accepted tools of statutory construction. It is well and long established that courts apply the plain meaning of unambiguous statutory language. See United States v. Am. Trucking Ass'ns, 310 U.S. 534, 542-43 (1940). In determining the proper interpretation of a statute, a court will "look first to the plain language of a statute and interpret it by its ordinary, common meaning." Tyler v. Douglas, 280 F.3d 116, 122 (2d Cir. 2001) (citation omitted). "If the statutory terms are unambiguous, our review generally ends and the statute is construed according to the plain meaning of its words." Id. (citation omitted). The merits of following plain statutory language are many, including predictability, fairness, and efficiency. The plain language of Section 1441(b) makes clear that "its prohibition on removal applies only where a defendant who has been 'properly joined and served' is a resident of the forum state." Stan Winston Creatures, 314 F. Supp. 2d at 180.

Ignoring the plain terms of the statute to determine in an individual case when a plaintiff had a meaningful opportunity to

---

[6] Section 1441(b) was revised in 2011 by the Federal Courts Jurisdiction and Venue Clarification Act of 2011 ("FCJVCA"). While much of the section was rearranged or otherwise edited, the "joined and served" language was untouched.

11

serve each defendant and to investigate the parties' motives, such as the plaintiff's motives in filing in a particular venue and the defendant's reasons for removing the action to federal court, would add expense, delay, and uncertainty to the litigation.  In cases like the ones at issue here, the investigation is complicated and points in several directions.  While the defendants no doubt removed the actions swiftly to combine the four cases with the Eliquis MDL litigation and sweep them under the Utts umbrella, a ruling in favor of the plaintiffs on the issue of removal would reward a different kind of gamesmanship altogether.  After this Court issued Utts, Salim-Beasley voluntarily dismissed without prejudice the thirty-three "tagged" cases before the MDL and refiled those cases in Delaware state court.  The defendants removed those cases to federal court in Delaware.  After Judge Stark denied the plaintiffs' remand motion in the thirty-three cases then removed, Young, 2017 WL 2774735 (D. Del. June 27, 2017), Salim-Beasley changed strategy a second time.  Instead of promptly moving before Judge Stark for remand of the four cases at issue here, as had previously been its practice, or perfecting its opposition to the transfer of the four cases to the MDL, it waited until the JPML had ordered the transfer to move for their remand.  It would appear that, although the issue to be decided is the same decided by Judge Stark -- whether the forum

12

defendant rule applies -- the plaintiffs represented by Salim-Beasley hope for a different result. If the plaintiffs, then, urge an interpretation of the removal statute that takes the litigants' strategies into account, theirs may not be ignored.

Because removal to federal court is proper, the only remaining issue is whether to dismiss the complaints. Salim-Beasley does not present any developed argument against dismissal. For the reasons stated in Utts and in Fortner v. Bristol-Meyers Squibb Co., 17cv1562(DLC), 2017 WL 3193928 (S.D.N.Y. July 26, 2017), the complaints must be dismissed.

CONCLUSION

The plaintiffs' August 3 and 9, 2017 motions for remand are denied. The plaintiffs' complaints are dismissed with prejudice.

Dated: New York, New York
October 12, 2017

_____
DENISE COTE
United States District Judge